

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CAMPAGNOLO S.R.L., | No. 10-35639 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-01372-RSM |
| v. | |
| FULL SPEED AHEAD, INC, a Washington corporation; TIEN HSIN INDUSTRIES CO., LTD., | MEMORANDUM<sup>*</sup> |
| Defendants - Appellees. | |

| | |
|---|---|
| CAMPAGNOLO S.R.L., | No. 10-35876 |
| Plaintiff - Appellee, | D.C. No. 2:08-cv-01372-RSM |
| v. | |
| FULL SPEED AHEAD, INC, a Washington corporation, | |
| Defendant - Appellant, | |
| and | |
| TIEN HSIN INDUSTRIES CO., LTD., | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Defendant.

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted August 5, 2011
Seattle, Washington

Before: SCHROEDER and NOONAN, Circuit Judges, and SNOW, District Judge.***

Campagnolo S.r.l., an Italian company engaged in manufacturing and sales of cycling equipment, filed an action against Full Speed Ahead, Inc. ("FSA") and Tien Hsin Industries Co. for false advertising under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). FSA is the American seller of cranksets manufactured by Tien Hsin.

The district court granted summary judgment in favor of Tien Hsin, finding that Tien Hsin was not involved in creating the advertisements and it could not be vicariously liable for FSA's actions. The jury returned a verdict in favor of defendant FSA on all counts. The district court entered judgment in favor of FSA and denied Campagnolo's motion for judgment notwithstanding the jury verdict

_____

** The Honorable G. Murray Snow, District Judge for the United States District Court for the District of Arizona, by designation.

2

and for a new trial. The district court also denied FSA's motion for attorneys' fees. FSA and Campagnolo both appeal. We affirm the district court.

Campagnolo challenges the denial of judgment notwithstanding the verdict. Judgment notwithstanding the verdict is proper, however, if the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict. *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009). To prevail on its Lanham Act claims, Campagnolo needed to prove five elements. *See Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997). The evidence presented at trial, however, was subject to multiple reasonable conclusions and interpretations, and the jury could have rationally concluded that at least one of the elements was lacking. For example, the evidence would support a jury finding that the advertisements were not false. The evidence regarding injury as a result of the advertising was weak and consisted of conclusory testimony of loss of good will. The evidence did not require the jury to reach a verdict in favor of Campagnolo and the district court therefore did not err in denying Campagnolo's motion for judgment notwithstanding the verdict. The evidence supporting the jury's verdict was substantial. *See Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002) (stating that if substantial evidence supports the jury's verdict, then a motion for judgment notwithstanding must be denied).

3

For similar reasons, the district court did not abuse its discretion in denying Campagnolo's motion for a new trial, because the jury verdict is not contrary to the clear weight of the evidence. *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007). In light of our upholding the jury's verdict against the plaintiff, the issue of Tien Hsin's liability, as an alter ego or as a direct participant, is moot. Campagnolo did not prevail on its false advertisement claims, so Tien Hsin can have no liability in any capacity. Campagnolo also challenges two evidentiary rulings. There was no abuse of discretion in admitting documents relating to the initial production model that Campagnolo requested, nor in admitting the titanium model documents as probative of the truth or falsity of the advertisements.

With respect to FSA's appeal, the district court did not abuse its discretion in denying FSA's motion for attorneys' fees under 15 U.S.C. § 1117(a). The district court concluded, and we agree, that Campagnolo's claims were not groundless, unreasonable, or pursued in bad faith. *See Interstellar Starship Serv., Ltd. v. Epix, Inc.*, 184 F.3d 1107, 1112 (9th Cir. 1999). The jury could have reached a different result in this case. Denying FSA attorneys' fees was therefore proper.

**AFFIRMED**.